JOHN A. PERRY, ESQ.
State Bar No. 265951
Law Offices
ROBERT E. WEISS INCORPORATED
920 Village Oaks Drive
Covina, California 91724
Phone (626) 967-4302
Facsimile (626) 967-9216
jperry@rewlaw.com

Attorneys for Plaintiff
SAGE POINT LENDER SERVICES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGE POINT LENDER SERVICES, LLC,<br><br>           Plaintiff,<br><br>   vs.<br><br>SHARON A. KIDD, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF SHELVIE DOUGLAS KIDD AKA SHELVIE D. KIDD ALAMEDA PROBATE CASE NO. RP12634226; GARY KIDD; PEDRO TRUST aka PATRICK KAY, CO-TRUSTEE OF THE PEDRO TRUST; INTERNAL REVENUE SERVICE; AND DOES 1 THROUGH 20, INCLUSIVE<br><br>           Defendants. | CASE NO. 2:15-cv-00175-MCE-EFB<br><br>STIPULATION TO LIEN PRIORITY, RELEASE OF LIABILITY, AND DISTRIBUTION OF DEPOSITED INTERPLEADED FUNDS; AND ORDER<br><br>DEPT:    "7"<br>BEFORE:  HON. MORRISON C. ENGLAND, JR. |

///

///

IT IS HEREBY STIPULATED AND AGREED by Plaintiff Sage Point Lender Services, LLC ("Sage Point"), the United States of America ("United States"), and Defendants Sharon Kidd, individually and in her capacity as Successor Trustee of the PEDRO Trust, and Gary Kidd (collectively referred to herein as "the Kidds") that:

1. Sage Point, a foreclosure trustee, filed this Interpleader action in Sacramento County Superior Court on December 17, 2014.

2. The Interpleader litigation was commenced to resolve conflicting demands for payment of the sum of $141,794.32 (plus accrued interest, if any) (the "Surplus Funds"), which represents surplus proceeds from the May 28, 2014 foreclosure sale of real property located in the County of Alameda, State of California, commonly known as 1232 Oregon Street, Berkeley, CA 94702 (hereinafter the "Property") previously owned by decedent Shelvie Kidd.

3. The United States removed this matter from the Superior Court on January 22, 2015 pursuant to 28 U.S.C. §§ 1442(a)(1), 1444 and 28 U.S.C. § 2410 because it involves the collection of revenue and the United States' claims to enforce its federal tax liens against codefendant and claimant Gary Kidd.

4. Following the removal to this Court, Sage Point caused the Surplus Funds to be deposited with the Court registry on March 24, 2015.

5. Defendants Gary Kidd and Sharon Kidd were named as defendants in this matter based on their status as heir and claimants to the property of Shelvie Kidd.

6. The Kidds have each asserted a claim to 50% of the funds at issue in this matter.

7. The United States has asserted a claim to a portion of the proceeds based upon its rights under the Federal Tax Lien Act and Internal Revenue Code allowing it to collect the "property and rights to property" of Gary Kidd in satisfaction of certain federal individual income tax liabilities. See Rec. Doc. 5.

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 967-4302 – FAX (626) 967-9216

8. Sharon Kidd asserts herself as the Successor Trustee of the PEDRO TRUST. A true and correct copy of a Certification of Trust, made pursuant to California *Probate Code* Section 18100.5 and executed by Sharon Kidd attesting to her status as Successor Trustee of the PEDRO Trust, is attached hereto as Exhibit "1".

9. The PEDRO Trust, through its Successor Trustee, Sharon Kidd, hereby disclaims any interest in the deposited Surplus Funds and releases its prior claim thereto. The PEDRO Trust hereby consents to the disbursement of the Surplus Funds in accordance with Paragraph 13 herein below.

10. After due consideration, the parties have stipulated and agreed to a release of liability between Sage Point and the Kidds and to the priority of various claims and distribution of the Surplus Funds currently deposited in the registry of the Court.

11. Sage Point and the Kidds, including Sharon Kidd (both individually and in her capacity as Successor Trustee of the PEDRO Trust) and Gary Kidd, on behalf of themselves, their descendants, ancestors, dependents, heirs, executors, administrators, directors, officers, assigns, agents, employees, representatives, attorneys, affiliates and successors hereby release and discharge the other party and that parties' descendants, ancestors, dependents, heirs, executors, administrators, directors, officers, assigns, agents, employees, representatives, attorneys, affiliates and successors from all rights, claims and actions which each party and the above-mentioned successors now have against the other party and the above-named successors, stemming from their differences described in the underlying Complaint in Interpleader hereof; provided, however, nothing in this Agreement shall release, waive, modify or effect Sage Point and/or the Kidds' obligations pursuant to the terms contained in this Stipulation.

12. A. Sage Point and the Kidds acknowledge and agree that the release they give to the other party upon executing this Agreement applies to all claims for injuries, damages, or losses to their own person and property, real or personal (whether those injuries, damages, or losses

are known or unknown, foreseen or unforeseen, patent or latent) which that party may have against the other party arising from or in conjunction with the distribution of the Surplus Funds that are issue in the above-captioned Interpleader litigation. Sage Point and the Kidds hereby waive application of California *Civil Code* § 1542.

B. Sage Point and the Kidds certify that they have read and understood the following provisions of California *Civil Code* § 1542:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor."

C. Sage Point and the Kidds understand and acknowledge that the significance and consequence of this waiver of California *Civil Code* § 1542 is that even any of the said parties should eventually suffer additional damages arising out of the facts referred to in the Complaint in Interpleader, that party will not be able to make any claim for those damages. Furthermore, said parties acknowledge that they consciously intend these consequences even as to claims for damages that may exist as of the date of this release but which that party does not know exists, and which, if known, would materially affect that party's decision to execute this release, regardless of whether that party's lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause. However, nothing in

this Stipulation shall release, waive, modify or effect each party's obligations pursuant to the terms contained herein.

13. The parties request an Order directing the Clerk to distribute the funds on deposit with the Court registry in this case as follows:

    a. First, Sage Point shall receive the sum of $15,989.99 for attorney's fees and costs incurred in the investigation of the priority and claims to the Surplus Funds and incurred bringing this Interpleader litigation, made payable as follows:
>Robert E. Weiss Incorporated Trust Account
>C/O John A. Perry, Esq.
>920 S. Village Oaks Drive
>Covina, California 91724

    b. Second, by check made payable to the "United States Treasury," in the amount of $28,624.43 with the name "Gary Kidd" and the case number indicated in the memo line, mailed to:
>Tax FLU, Office of Review
>Department of Justice
>P.O. Box 310
>Ben Franklin Station
>Washington DC 20044-0310

    c. Third, Sharon Kidd shall receive the sum of $63,544.18 in satisfaction of her claim as heir of Shelvie Kidd, made payable as follows:
>Palmieri Trust Account
>317 Evelyn Avenue
>Roseville, California 95678

///
///
///
///

    d.    Fourth, Gary Kidd shall receive the sum of $33,635.72 in satisfaction of his claim as heir of Shelvie Kidd, made payable as follows:

> Palmieri Trust Account
> 317 Evelyn Avenue
> Roseville, California 95678

    e.    Fifth, accrued interest on the deposited Surplus Funds, if any, shall be disbursed equally to Sharon Kidd and Gary Kidd, made payable as follows:

> Palmieri Trust Account
> 317 Evelyn Avenue
> Roseville, California 95678

    f.    Distribution in this manner is intended to exhaust the funds on deposit the with the Court registry.

13. This Stipulation is intended by the parties to resolve the entirety of the above-captioned Interpleader litigation.

Dated: June 1, 2015

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

BY: /s/ Aaron M. Bailey
AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3164
(202) 307-0054 (fax)
aaron.m.bailey@usdoj.gov

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 967-4302 – FAX (626) 967-9216

Dated:  June 2, 2015                     /s/ Pamela Palmieri
                                         PAMELA PALMIERI
                                         317 Evelyn Avenue
                                         Roseville, California 95678
                                         916-899-3669
                                         *Attorney for Pedro Trust, Sharon Kidd and Gary Kidd*

Dated:  June 2, 2015                     /s/ Sharon Kidd
                                         SHARON KIDD
                                         *Successor Trustee of PEDRO Trust*


                                         ROBERT E. WEISS INCORPORATED

Dated:  June 3, 2015                     BY:/s/ John A. Perry, Esq.
                                         JOHN A. PERRY, ESQ.
                                         Robert E. Weiss Incorporated
                                         920 S. Village Oaks Drive
                                         Covina, California 91724
                                         Tel: (626) 967-4302
                                         Fax: (626) 967-9216
                                         Email: jperry@rewlaw.com

                                         *Attorney for Sage Point Lender Services*

**THE COURT, having reviewed the foregoing Stipulation, and good cause appearing,**

**IT IS SO ORDERED.**

                              Dated:  June 5, 2015

                              _____
                              MORRISON C. ENGLAND, JR., CHIEF JUDGE
                              UNITED STATES DISTRICT COURT

7
Stipulation to Lien Priority, Release of Liability, and Distribution of Deposited Interpleaded Funds; and Order

Case No. 2:15-cv-00175-MCE-EFB